_____FILED   _____ENTERED
_____LODGED_____RECEIVED

OCT 17 2008 · DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

SEA2125S NYW

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ERIC N. GARCIA-ARCOS, | ) NO. **CV8 1532 BAT** |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR DAMAGES** |
| MICHAEL RENNER; JOSEPH MACCARRONE; PAUL HOLLAND; TIMOTHY JONES; JEFFREY THOMPSON; BRYAN McDOUGALD; JOSHUA ZIEMER; ERNEST DEBELLA; NATHAN. PATTERSON; PAUL SEGURO; GIL KERLIKOWSKE, individually and in his official capacity, and the CITY OF SEATTLE, a municipal corporation | ) 08-CV-01532-CMP |
| Defendants. | ) |

Plaintiff alleges as follows:

## 1. PARTIES

1.1    Plaintiff Eric Garcia-Arcos is a citizen of the United States and the State of Washington and a resident of King County, Washington.

**COMPLAINT FOR DAMAGES, Page - 1**

1.2   Defendant Paul Holland was, at the time of the acts complained of herein, a Seattle police officer and a resident of the Western District of Washington. Plaintiff believes that he is no longer a police officer and is living in Texas.

1.3   Defendant Michael Renner is a Seattle police officer and a resident of the Western District of Washington.

1.4   Defendant Timothy Jones is a Seattle police officer and a resident of the Western District of Washington.

1.5   Defendant Jeffrey Thompson is a Seattle police officer and a resident of the Western District of Washington.

1.6   Defendant Bryan McDougald is a Seattle police officer and a resident of the Western District of Washington.

1.7   Defendant Joshua Ziemer is a Seattle police officer and a resident of the Western District of Washington.

1.8   Defendant Ernest DeBella is a Seattle police officer and a resident of the Western District of Washington.

1.9   Defendant Nathan Patterson is a Seattle police officer and a resident of the Western District of Washington.

1.10   Defendant Joseph Maccaronne is a Seattle police officer and a resident of the Western District of Washington.

1.11   Defendant Paul Seguro is a Seattle police detective and a resident of the Western District of Washington.

1.12   Defendant Gil Kerlikowske is the City of Seattle Chief of Police and a resident

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

**COMPLAINT FOR DAMAGES, Page - 2**

1    of the Western District of Washington.  All of his actions in this case were in the course and

2    scope of his duties as Chief of Police.  He is a policy-maker for the City of Seattle and is sued

3

4    in his individual and official capacities.

5       1.13    Defendant City of Seattle is a municipal corporation organized under the laws

6    of the State of Washington and is located in the Western District of Washington.

7

8                        2. **JURISDICTION AND VENUE**

9       2.1    This court has original jurisdiction over claims brought under 42 U.S.C. §1983

10   and  28 U.S.C. §§ 1331 and 1343.  This court has supplemental jurisdiction under 28 U.S.C.

11   §1367.

12

13      2.2    Venue is properly located in Western Washington under 28 U.S.C. §1391(b).

14   The incidents complained of herein occurred in Seattle, King County, Washington.  Some or

15   all of the defendants are residents of King County, Washington.

16

17      2.3    A claim for damages against the City of Seattle was properly filed on June 20,

18   2008 and supplemented on July 24, 2008.  More than 60 days have passed since the claim was

19   properly filed.

20                        3. **FACTUAL ALLEGATIONS**

21

22      3.1    **Introduction.**  On October 20, 2006, several Seattle Police officers, while

23   investigating a non-criminal noise complaint, illegally detained, frisked, and arrested Eric

24   Garcia-Arcos.  With additional officers, they beat him savagely, unreasonably, and

25   unnecessarily: with blunt instruments, with their feet, and with their fists.  They also Tasered

26   him and, after his illegal arrest, they incarcerated him.

27

28      Next, many of the officers involved wrote statements that were knowingly and

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

**COMPLAINT FOR DAMAGES, Page - 3**

1  intentionally false and, in order to cover up their own misconduct by causing Mr. Garcia-

2  Arcos to be charged with a crime he did not commit, provided them to the King County

3
4  Prosecuting Attorney's Office, which, based on those false statements, charged Mr. Garcia-

5  Arcos on April 5, 2007 with the felony of third-degree assault.

6       As a result of the beating inflicted on him by the police, Mr. Garcia-Arcos, a

7
8  previously fit and active man, suffered L1 - L3 transverse process fractures of the lumbar

9  spine; at least one and possibly two rib fractures; a concussion; multiple scalp lacerations and

10 abrasions requiring many sutures and staples to close; abrasions of the face, arms, elbows, and

11
   knees; an injury to his left ankle that required him to walk for some time with crutches; and a
12
13 bulging pseudo-aneurism on his head, which required vascular surgery to remove.  He

14 continues to suffer from post-traumatic stress disorder caused by the incident and requires

15 ongoing mental health counseling and physical therapy.

16
       After his arrest, and even more so after he was formally charged, Mr. Garcia-Arcos,
17
18 then age 42, an employed and married father of one child and with a pregnant wife, suffered

19 greatly because of the threat of an unjustified felony conviction.  He was forced to incur

20 substantial legal fees to defend himself against an accusation of a crime he did not commit.

21
       Ultimately, on November 27, 2007, after the officers' statements unraveled, the
22
23 Prosecuting Attorney's Office, in a decision that came only after a careful and  thorough

24 review of the matter and that required the signatures of officials at the highest level, moved to

25 dismiss the case against Mr. Garcia-Arcos and a dismissal order was entered.
26
27 3.2    On October 20, 2006, Defendant Paul Holland went to a garage in a residential

28 neighborhood in West Seattle to investigate an alleged non-criminal noise violation.

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

**COMPLAINT FOR DAMAGES, Page - 4**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.3    Randall McCoy was the owner of the garage.  He was present in the garage and told Officer Holland that he was the owner.

3.4    Mr. Garcia-Arcos exited the garage, talking on a cell phone as he did so. Indicating that he lived elsewhere and thus was not the owner of the garage, Garcia-Arcos told Holland: "I'm talking to my wife, I just wanna go home."

3.5    Holland, however, detained Mr. Garcia-Arcos without reasonable suspicion that he was in the process of committing or about to commit a crime and even though he had not committed an infraction in Holland's presence.

3.6    Although there was not a reasonable suspicion that Mr. Garcia-Arcos was armed and dangerous, Holland caused Garcia-Arcos to be frisked, when he asked Defendant Brandon McDougald to do so.  McDougald pulled Mr. Garcia-Arcos over to Holland's patrol car, completed a frisk, and told Holland that Mr. Garcia-Arcos was "good," meaning that he had no weapons on him.

3.7    When asked to do so, Garcia-Arcos sat on the bumper of Holland's patrol car. Additional officers, including Defendants Michael Renner and Timothy Jones, arrived. Holland told one or all of them that Garcia-Arcos had popped out of some bushes (this claim was false) and needed to be frisked (even though McDougald had already done so and had told Holland that Garcia-Arcos had no weapons on him).

3.8    Garcia-Arcos was standing, as ordered, at the front of Holland's car, when, during this second illegal frisk, Renner, with unreasonable and unnecessary force, slammed Garcia-Arcos face/head first into the hood of the car, placing him in actual danger of death as well as a concussion, diffuse axonal brain injury, a subdural hematoma, a broken nose, a

**COMPLAINT FOR DAMAGES, Page - 5**

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

1  broken orbital bone, a broken cheek bone, a broken skull, and broken teeth, among other

2
3  serious and potentially disfiguring injuries. Mr. Garcia-Arcos, who suffered a concussion,

4  believed, as any rational person would, that he was about to be killed or horribly injured by

5  the police.

6      3.9    Renner, Jones, Thompson, and McDougald then arrested Garcia-Arcos without

7
8  probable cause and with unreasonable and unnecessary force, in the process tackling him and

9  beating him with their hands and feet. They were joined by Defendants Patterson and

10 Maccarrone, both of whom beat Garcia-Arcos with their hands and feet, and Defendants

11
12 Ziemer and DeBella, both of whom used Tasers on Garcia-Arcos, and all of whom were

13 acting with unreasonable and unnecessary force.

14     3.10   Additionally, Patterson used a baton to strike Garcia-Arcos about his upper

15 body. Maccarrone and Renner beat him with their heavy, multi-battery metal flashlights.

16
17 Maccarrone admits to beating Garcia-Arcos in the head and collarbone with his flashlight with

18 such fury that he broke his own finger when it got caught between his flashlight and Garcia-

19 Arcos's skull or collarbone. Patterson, Maccarrone, and Renner acted with unreasonable and

20 unnecessary force.

21
22     3.11   Holland placed Garcia-Arcos formally under arrest without probable cause and

23 took him into custody. Garcia-Arcos remained in custody until he secured his release.

24     3.12   On October 20, 2006 Holland, Renner, McDougald, Jones, Patterson,

25
26 Maccarrone, Ziemer, and DeBella wrote officer statements that, individually and/or taken as a

27 whole, omitted evidence indicating that Garcia-Arcos committed no crime and was acting in

28 lawful self-defense.   They did so to initiate criminal charges without probable cause,

**COMPLAINT FOR DAMAGES, Page - 6**

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

1
2
3

knowing or having reason to know he was innocent, in order to conceal and cover up the

misconduct of some or all of themselves.

4
5
6
7
8
9
10
11
12

3.13    Defendant Suguro was the case detective responsible for gathering evidence to

present to the King County Prosecuting Attorney's Office for purposes of determining

whether Garcia-Arcos should be charged with a crime.   Knowing that many of the officers

had written additional use of force statements (under protection of immunity from use of such

statements against themselves in a criminal prosecution) that were different from their officer

statements on the issue of whether Garcia-Arcos acted in lawful self-defense, Suguro chose to

provide the Prosecuting Attorney's Office only with the original officer statements.

13
14
15
16
17
18
19
20

3.14    The Prosecuting Attorney's Office, relying upon the word of the officers in this

case as set forth in their original statements, and having not been provided with statements the

officers gave under protection of immunity, and thus being deprived of its access to the truth,

filed a felony charge of third degree assault against Mr. Garcia-Arcos in King County Superior

Court on April 5, 2006.   When the truth became known that Mr. Garcia-Arcos had committed

no crime, the Prosecuting Attorney's Office corrected the injustice against Mr. Garcia-Arcos

by moving to dismiss the case.

21
22
23

3.15    On November 27, 2007, Judge Gregory Canova agreed that the case should be

dismissed, granted the State's motion, and entered an order of dismissal.

24
25
26
27
28

3.16    Before the incident in this Complaint, Defendant Chief Kerlikowske had failed

to follow recommendations from Seattle Police auditor Katrina Pflaumer to train police

officers to prevent minor incidents from escalating into major confrontations, as was

recommended by Ms. Pflaumer in her reports covering the period from January through

**COMPLAINT FOR DAMAGES, Page - 7**

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

1   September 2004 and October 2004 through March 2005.  Prior to Ms. Pflaumer's

2
3   recommendations, the previous auditor, former Superior Court Judge Terrence Carroll, also

4   suggested that action be taken to prevent overreaction by the police. The failure of

5   Kerlikowske to follow these repeated recommendations, including recommended training for

6   de-escalation techniques, represents a policy decision by Kerlikowske and the City of Seattle

7
8   to allow police officers and first line supervisors to escalate minor incidents, such as the

9   investigation of the noise complaint here, into major police confrontations involving the use

10  of force, which proximately caused Garcia-Arcos's damages in this case.  Additionally,

11
12  Kerlikowske had failed to follow recommendations for discipline up the chain of command

13  through the process of internal investigation by the Office of Professional Accountability,

14  which has also encouraged police lawlessness.  These actions by Kerlikowske are also

15  customs, practices, and policies of the City of Seattle with respect to allowing a level of police

16
17  brutality to occur.  Because of the lack of adequate training in de-escalation techniques, the

18  officers in this case allowed and caused a simple noise complaint to escalate into a beating of

19  Mr. Garcia-Arcos that could easily have killed him.

20      3.17   As a proximate result of the acts and omissions of the defendants outlined

21
22  above, Garcia-Arcos was and will continue to be damaged physically, emotionally, and

23  financially.  He lost his liberty; suffered and continues to suffer emotional distress; lost the

24  enjoyment of life; and experienced humiliation, loss of sleep, and physical pain.  He paid and

25  will continue to pay legal, medical, and counseling expenses.

26
27              **4.  COLOR OF STATE LAW AND AGENCY**

28      4.1   The actions and omissions of the defendants set out in paragraphs 3.1 -

**COMPLAINT FOR DAMAGES, Page - 8**

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

3.17above were all engaged in under color of the laws of the State of Washington and pursuant to and as a result of the policies, customs and usages of the City of Seattle.

4.2     At all relevant times, all defendants were acting as agents within the scope of their employment by the City of Seattle.

## 5. <u>CLAIM ALLEGATIONS</u>

By virtue of the facts set forth in above, the defendants are liable to plaintiff as follows:

5.1     **First Cause of Action.** Defendants Holland, Renner, Jones, Thompson, McDougald, Ziemer, Patterson, DeBella, Maccarrone, and the City of Seattle are liable to Garcia-Arcos for the tort of assault.

5.2     **Second Cause of Action.** Defendants Holland, Renner, Jones, Thompson, McDougald, Ziemer, Patterson, DeBella, Maccaronne, and the City of Seattle are liable to Garcia-Arcos for the tort of false arrest.

5.3     **Third Cause of Action.** Defendants Holland, Renner, Jones, Thompson, McDougald, Ziemer, Patterson, DeBella, Maccarrone, Suguro, and the City of Seattle are liable to Garcia-Arcos for the tort of malicious prosecution.

5.4     **Fourth Cause of Action.** Defendants Kerlikowske and the City of Seattle are liable for damages that resulted from their negligence in training and supervising police officers.

5.5     **Civil Rights Violations.** The defendants are liable for compensatory and punitive damages for deprivation of Garcia-Arcos's civil rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

**COMPLAINT FOR DAMAGES, Page - 9**

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

1

2

3

4

       5.5.1   Defendants Holland, Renner, Jones, Thompson, McDougald, Ziemer, Patterson, DeBella, and Maccarrone are liable to Garcia-Arcos for violation of his civil rights proximately resulting from unlawful detention, frisking, arrest, and prosecution.

5

6

7

8

       5.5.2   Defendants Maccarrone, Patterson, Renner, DeBella, and Ziemer are liable to Garcia-Arcos for violation of his civil rights resulting from the use of excessive force.

9

10

11

12

13

14

       5.5.3   Defendant Kerlikowske is liable to Garcia-Arcos for the failure to adequately train and supervise and discipline police officers, including the officers named above, with respect to the Fourth Amendment. To the extent that Kerlikowske's actions were with callous indifference or reckless disregard to the rights of Garcia-Arcos and similarly situated individuals, he is liable for punitive damages.

15

16

17

18

       5.5.4   Defendant City of Seattle is liable to Garcia-Arcos to the extent that the failure to train, supervise and discipline police officers with respect to the Fourth Amendment is a policy, practice or custom of the City of Seattle.

19

### 6. PRAYER FOR RELIEF

20

21

WHEREFORE, plaintiff prays for judgment against defendants as follows:

22

23

6.1    For compensatory damages on all claims in an amount to be proved at the time of trial, including liquidated damages to the extent available under law;

24

25

26

6.2    For punitive damages from defendants Holland, Renner, Jones, Thompson, McDougald, Ziemer, Patterson, DeBella, Maccarrone, Suguro, and Kerlikowske.

27

28

6.3    For costs of suit, disbursements and reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694

**COMPLAINT FOR DAMAGES, Page - 10**

1

6.4    For such other and further relief as the court deems just and proper.

2

DATED October 16, 2008,

3

4

5              COHEN & IARIA
               Attorneys for Plaintiff
6

7

8      By: _____

9              Michael P. Iaria, WSBA No. 15312

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES, Page - 11**

COHEN & IARIA
National Building, Suite 302
1008 Western Avenue
Seattle, Washington 98104
206-624-9694